UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHERRY SMITH,

                Plaintiff,                **MEMORANDUM & ORDER**
-against-                                  23-CV-3196 (PKC) (LB)

SOCIAL SECURITY OFFICE,

                Defendant.
-------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On April 26, 2023, Plaintiff Sherry Smith filed this *pro se* action against the Social Security office located at 195 Montague Street in Brooklyn. (Compl., Dkt. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) The Complaint is dismissed with leave to amend as set forth below.

## BACKGROUND

Plaintiff alleges that she has been banned from entering the Social Security Administration ("SSA") office at 195 Montague Street "for many years." (Compl., Dkt. 1, at 5.) Plaintiff also alleges that the Social Security office "refuse[s] to give me a social security card." *Id.* For relief, Plaintiff "would like to be able to appear in a social security office." (*Id.* at 6.)[1]

---

[1] The Court notes that last year, Plaintiff filed a similar complaint seeking damages of $75,000. *See Smith v. Soc. Sec. Card Ctr.,* No. 22-CV-1461 (PKC) (LB), Compl., Dkt. 1, at ECF 5. In that action, Plaintiff attached a letter from the SSA dated February 23, 2022, informing her, *inter alia*, that the SSA was "unable to process . . . a replacement Social Security card [because Plaintiff had] exceeded the maximum lifetime limit" of "ten (10) Social Security cards[,]" and that she could seek review of the SSA's decision by contacting the Social Security Card Center or her local Social Security office. *Id.* Plaintiff did not allege that she sought such review. The Court therefore dismissed the Complaint with leave to amend, and when Plaintiff did not seek to amend, dismissed the case. *See Smith v. Soc. Sec. Card Ctr.*, No. 22-CV-1461 (PKC), 2022 WL 866778 (E.D.N.Y. Mar. 23, 2022); (No. 22-CV-1461, Dkts. 5, 6).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

The Social Security office, as part of the SSA, a federal agency, is immune from suit. *F.D.I.C. v. Meyers*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Binder & Binder v. Colvin*, 818 F.3d 66 (2d Cir. 2016) (applying sovereign immunity to the SSA); *Gault v. Soc. Sec. Admin.*, No. 17-CV-703 (PKC), 2017 WL 1655192, at *2 (E.D.N.Y. May 2, 2017) (dismissing *pro se* complaint alleging that he was barred from entering any Social Security office because the SSA has sovereign immunity); *Steele v. Soc. Sec. Admin.*, No. 14-CV-7104 (ENV) (MDG), 2016 WL 4688850, at *2

(E.D.N,Y. Sept. 7, 2016) (same); *Richards v. Soc. Sec. Admin.*, No. 15-CV-1528 (ENV), 2016 WL 4690394, at *3 (E.D.N.Y. Sept. 7, 2016) (same). Therefore, the complaint in this action is dismissed against the Social Security office at 195 Montague Street as barred by the doctrine of sovereign immunity.

Moreover, even if Plaintiff had named a proper party, she has failed to allege a plausible claim that her constitutional or federal statutory rights have been violated. Plaintiff seeks solely "to be able to appear in a social security office." (Compl., Dkt. 1, at 6.) However, "[t]he ability to enter a federal building [such as a Social Security office] is not, in itself, a cognizable liberty or property interest" sufficient to implicate the Due Process Clause of the Fourteenth Amendment. *Gault*, 2017 WL 1655192, at *2 (quoting *Richards*, 2016 WL 4690394, at *3); *see also Steele*, 2016 WL 4688850, at *2 (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 74–76 (2d Cir. 2008)).

## CONCLUSION

For the reasons set forth above, the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within 30 days from the date of this Order. The amended complaint must set forth facts alleging a basis for this Court's subject matter jurisdiction, including the date and location of all relevant events, the address for each defendant named and a brief description of what each defendant did or failed to do. If Plaintiff decides to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this order, 23-CV-3196 (PKC) (LB).

The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint.

All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause why she cannot comply within the time allowed, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

        */s/Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: May 15, 2023
       Brooklyn, New York